Arthur Hambric and Josephine Hambric, Plaintiffs-Appellants, v. Field Enterprises, Inc., and Jack Mabley, Defendants-Appellees.

Gen. No. 48,991.

First District, Third Division.

January 30, 1964.

Mosely & Foster, of Chicago, for appellants.

Bell, Boyd, Lloyd, Haddad & Burns, of Chicago (Charles T. Martin and J. William Hayton, of counsel), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This is an action for libel which was brought to recover damages for an allegedly defamatory article written by the defendant Jack Mabley, and published in the Chicago Daily News, a newspaper owned by the defendant Field Enterprises, Inc. The defendants moved to dismiss the complaint on the ground that it was insufficient in law because the article was not reasonably susceptible to a libelous interpretation, did not identify the plaintiffs and the allegations of damages were general and vague. The motion was sustained. The plaintiffs elected to stand by their complaint, the suit was dismissed, judgment was entered for the defendants and the plaintiffs have appealed.

■ The motion to dismiss admitted the well-pleaded facts of the complaint but did not admit the conclusions of law or fact. The objection that the allegations of damages are general and vague was well founded. The complaint is in two counts. The first one alleges that the publication of the article damaged the plaintiff Arthur Hambric's good name, reputation and business, exposed him to public hatred and obloquy, attracted to his place of business persons of bad character whose presence tended to drive away respectable clientele and exposed him to constant investigation and harassment by the police department, all to his damage in the sum of $250,000. The second count alleges that the plaintiff, Josephine Hambric, wife of Arthur, was damaged to the extent of $150,000 by publication of the article which damaged her good name and reputation, exposed her to public hatred and obloquy, subjected her to derision, insults and indecent proposals, which caused her to become ill.

■ Allegations such as these are descriptive of general damages only; special damages must be alleged with particularity. Wright v. F. W. Woolworth Co., 281 Ill App 495. If the language used in the article was not libelous per se, if extrinsic facts and explanations were needed to show how it would be injurious, the plaintiffs were required to allege the special, specific damage that resulted from its publication. If the article was libelous per se, it was not necessary for them to allege special damages, because both damage and malice would be presumed from words obviously libelous. John v. Tribune Co., 28 Ill App2d 300, 171 NE2d 432; Cowper v. Vannier, 20 Ill App2d 499, 156 NE2d 761; Gogerty v. Covins, 5 Ill App2d 74, 124 NE2d 602; Campbell v. Morris, 224 Ill App 569. The issue in this case therefore narrows to this: was the article complained of defamatory per se? If it was, the failure to allege special damages is

inconsequential; if it was not, the plaintiffs' complaint is defective.

The article carries the headline: "S. Side Vice Wide Open—Here's Proof" and, after intervening paragraphs (which are unknown to us because they were not attached to the complaint and are not in the record) is as follows:

> "Leaving these saloons, the investigator entered one down the block at 458 E. 61st Street. About 30 men and women were in the place watching a woman stripping in the center of the floor.
>
> "When she had removed all of her clothing, she gave a few shakes, then picked up her clothes and ambled to the rear of the saloon.
>
> "Beer sold for 50 cents here, 15 or 20 cents higher than at competitors with no strippers."

It is uniformly held that words allegedly libelous must be read in their best possible sense and if they are capable of an innocent interpretation they must be declared nonactionable at law. John v. Tribune Co., 24 Ill2d 437, 181 NE2d 105; Epton v. Vail, 2 Ill App2d 287, 119 NE2d 410; Tiernan v. East Shore Newspapers, Inc., 1 Ill App2d 150, 116 NE2d 896; Eick v. Perk Dog Food Co., 347 Ill App 293, 106 NE2d 742. Many cases hold that in determining if words are libelous per se, they must be read without the aid of innuendo to bring forth any latent, injurious meaning which may be imputed to them. Life Printing & Publishing Co. v. Marshall Field III, 324 Ill App 254, 58 NE2d 307; Latimer v. Chicago Daily News, Inc., 330 Ill App 295, 71 NE2d 553. Some cases hold that the court must view the words stripped of all innuendo, colloquium, or extrinsic or explanatory circumstances. Lundstrom v. Winnebago Newspapers, Inc., 27 Ill App 2d 128, 169 NE2d 369; LaGrange Press v. Citizen Pub.

358

Co., 252 Ill App 482. It also has been held that an averment of fact extrinsic to the words used in an article, and essential to an identification of the article with the person complaining, cannot be embodied in an innuendo. Voris v. Street & Smith Publications, 330 Ill App 409, 71 NE2d 338.

No matter by which of these standards the article in question is judged, it is not prima facie libelous. It merely states that on this one occasion, in a saloon at 458 E. 61st Street, a woman performed what is commonly known as a strip-tease act. At the worst there is an implication (because of the price charged for beer) that such acts may have been presented with some regularity. That is all. The article does not become libelous by construing it as a whole and reading it in relationship to the headline which accompanied it. The portion of the article complained of does not support the headline, and the headline does not expand the content of the article. One must turn to the complaint for background and information, for an interpretation of the article and to learn how it is susceptible of a defamatory meaning.

■ One must also resort to the complaint to ascertain its application to the plaintiffs, for the article does not name either plaintiff directly or indirectly and it does not even mention the name of the saloon visited by the investigator. However, we think recourse to a complaint is permissible insofar as it may be necessary for the purpose of identifying a person allegedly libeled. The prohibition against considering colloquium in ascertaining if an article is libelous per se (LaGrange Press v. Citizen Pub. Co., supra) seems to us to be unduly restrictive and illogical. The question of whether words are libelous per se is separate and distinct from the question of whether they refer to the plaintiff. National Refining Co. v. Benzo Gas Motor Fuel Co., 20 F2d 763 (8th Cir).

The complaint by way of colloquium states that the so-called defamatory matter was written concerning the plaintiffs. It states by way of inducement that Arthur Hambric is the sole owner of a tavern at 458 E. 61st Street, that it is called "Josephine's Lounge" and that it is named after his wife who assists him in its operation; that he had a respectable clientele, had been in the tavern business for many years, enjoyed a good reputation and had the confidence of good citizens in the neighborhoods where his taverns had been located. Through the office of innuendo the defamatory imputation is explained to be that the article created the impression that the place was a hangout for prostitutes, that it pictured the plaintiffs as permitting vice in their tavern and as presenting lewd performances to attract business.

The article would more nearly approach being libelous per se if it is considered as being written in regard to the plaintiffs in their business or trade. Such words may be actionable without proof of special damages. Hudson v. Slack Furniture Co., 318 Ill App 15, 47 NE2d 502; Cavanagh v. Elliott, 270 Ill App 21. In Clifford v. Cochrane, 10 Ill App 570, the general rule in relation to speaking of one in a particular calling was stated as follows:

> ". . . any words spoken of such a person in his office, trade, profession, or business, which tend to impair his credit, or charge him with fraud, or indirect dealings, or with incapacity, and that tend to injure him in his trade, profession, or business, are actionable, without proof of special damage."

In Cavanagh v. Elliott, supra, the court approved the following quotation from 36 CJ 1181, sec 69:

> "The ground of the action in such cases is that the party is disgraced or injured in his profession

or trade or exposed to the hazard of losing his office, employment, or business in consequence of the defamatory words, and not that his general reputation in the community is affected by them."

But even if the article is so considered, it fails, and no presumption of damages can arise from its publication. This is an action for the libel of the individual plaintiffs; it is not an action for trade libel or business disparagement. The article does not charge the plaintiffs with being unfit to operate their business, with dishonest dealing, with selling adulterated beverages or with defrauding the public. It does not charge the plaintiffs with conduct incompatible with the business in which they are engaged. There are establishments which feature strip-tease performers; some such places might consider publicity of this sort a contribution to their business. Without the aid of facts extrinsic to the article, it cannot be said that the article tends to prejudice the plaintiffs in their business. If we turn to the complaint for further information, we find there is no allegation that it was the only saloon located at the address given in the article, none as to the kind of a saloon the plaintiffs operated and none as to its reputation. Further, there is no allegation that the words were written in relation to the plaintiffs' business. Although they assert that their business was injured, they allege that the words constituted a personal libel upon themselves. "In order to make words, either written or spoken of or concerning one engaged in a particular calling, actionable per se, they must have been used of the party in relation to his or her occupation." Campbell v. Morris, 224 Ill App 569.

■ There must be precision in charges of libel and words must be strictly construed. McDonald v. Chicago Daily News Pub. Co., 252 Ill App 61. Com-

plaints such as the one before us have been held to be insufficient in law in both slander and libel cases. Trembois v. Standard Ry. Equipment Mfg. Co., 337 Ill App 35, 84 NE2d 862; Harkness v. Chicago Daily News Co., 102 Ill App 162. In the latter case the plaintiff was the owner and operator of a bakery. The newspaper article was about the bakery. The Appellate Court noted that the alleged libel concerned the business of the plaintiff; that it related solely to her trade or occupation. The court stated that the plaintiff's declaration should have charged that the libel related to the business, but instead it charged that the libel was published of and concerning the plaintiff. The court found that the declaration was deficient in that it lacked an indispensable element of good pleading.

It is for the trial court in the first instance to determine whether words are libelous per se. The plaintiffs charged that the article greatly damaged their reputations and subjected them to public hatred and obloquy, but such consequences do not naturally follow from the statements contained in the article. It is not obvious from the article itself that the plaintiffs' standing in the business community or in society would be lowered and there is no indication, and no reasonable inference could be drawn from it, that they purveyed vice or supplied a hangout for prostitutes. Extrinsic facts would be needed before it could be said that the plaintiffs had been defamed. Inasmuch as the article was not libelous per se and did not set out special damages, the court correctly sustained the motion to dismiss.

The judgment is affirmed.

Affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.