(No. 40700.—

SEYMOUR ZEINFELD, Appellant, *vs.* HAYES FREIGHT LINES, INC., *et al.,* Appellees.

*Opinion filed Nov. 22, 1968.—Rehearing denied Jan. 28, 1969.*

ELMER GERTZ, of Chicago, (WAYNE B. GIAMPIETRO and SIDNEY Z. KARASIK, of counsel,) for appellant.

ROBERT F. HANDLEY, A. DANIEL FELDMAN, and DAVID J. ROSSO, all of Chicago, (ISHAM, LINCOLN & BEALE, of counsel, ) for appellees.

Mr. CHIEF JUSTICE SOLFISBURG delivered the opinion of the court:

Plaintiff, Seymour Zeinfeld, filed a two-count complaint in the circuit court of Cook County against the defendants, Hayes Freight Lines, Inc. and David H. Ratner, charging libel and illegal interference with contract. The trial court granted defendants' motion for judgment on the pleadings on count I, the libel count, and granted defendants a summary judgment as to count II. The appellate court affirmed, (82 Ill. App. 2d 463,) and we have granted plaintiff's petition for leave to appeal from the judgment of the appellate court affirming the trial court's judgment on the pleadings as to the libel count.

The alleged cause of action arose out of a letter by plaintiff's ex-employer in response to an inquiry about the plaintiff's employment status. The plaintiff Zeinfeld was formerly employed as comptroller by the defendant, Hayes Freight Lines, Inc. Plaintiff applied for a mortgage from Park Forest Homes, Inc., a home builder. Although plaintiff no longer worked for Hayes, he authorized Park Forest Homes to send Hayes a questionnaire entitled "Request for Verification of Employment." The questionnaire requested information concerning plaintiff's employment status, his salary, and his prospects of continued employment and advancement.

The defendant, David H. Ratner, an officer of Hayes Freight Lines, Inc., wrote in response to Park Forest Homes' request:

"Your request for information concerning Mr. Zeinfeld was forwarded to me by Mr. Mattingly for my reply. Mr. Zeinfeld was the controller (sic) of Hayes Freight Lines for seven years and as such was in complete charge of the books and records.

After his leaving the company we discovered there was a substantial amount of money owed the company. Upon tracing him he offered to compromise. Under the above circumstances it is difficult for me to give him any references."

Count I of the complaint charges that the above letter was false and defamatory; the prayer for damages is $50,000. As we have noted count II has been abandoned on this appeal.

The appellate court held that the language of defendants' letter was not actionable in light of the innocent-construction rule of *John* v. *Tribune Co.*, 24 Ill.2d 437, and the numerous cases cited therein. In the alternative, the appellate court ruled that the letter was privileged as a communication in response to an inquiry from a party having an interest in the subject matter, (*Judge* v. *Rockford Memorial Hospital*, 17 Ill. App. 2d 365,) and that plaintiff failed to make sufficient allegations of actual malice necessary to defeat the privilege.

The innocent-construction rule, as was held in the *John* case, requires that defendants' language "is to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law." (24 Ill.2d at 442.) The rule of innocent construction is a well established principle of libel law frequently approved and applied by both the Illinois courts and Federal courts sitting in Illinois. *Archibald* v. *Belleville News Democrat*, 54 Ill. App. 2d 38; *Parmelee* v. *Hearst Publishing Co.*, 341 Ill. App. 339; *Dilling* v. *Illinois Publishing and Printing Co.*, 340 Ill. App. 303; *LaGrange Press* v. *Citizen Publishing Co.*, 252 Ill. App. 482; *Lepman* v. *Everett*, (7th cir.) 333 F.2d 154; *Crosby* v. *Time, Inc.*, (7th cir.) 254 F.2d 927; *Brewer* v. *Hearst Publishing Co.*, (7th cir.) 185 F.2d 846.

Whether language is susceptible of an innocent construction is a question of law for the court, to be resolved by

reading the language "stripped of innuendo." *John v. Tribune Co.*, 24 Ill.2d at 441; *Latimer v. Chicago Daily News, Inc.*, 330 Ill. App. 295; *Lepman v. Everett*, (7th cir.) 333 F.2d 154.

We disagree, however, with the conclusion of the appellate court that the language of this letter was not libelous *per se*. Giving the words of the letter their most innocent construction it would appear that plaintiff was the comptroller of the company, that he had obtained money of the company for his own use without knowledge of the company, and that he left the company without disclosing his whereabouts. To constitute a libel *per se* the offensive accusation need not state the commission of a crime in terms of art or with the particularity of an indictment. We are convinced that this letter "stripped of innuendo," charges plaintiff with sufficient acts to constitute a criminal offense and is therefore libelous *per se*. The words themselves, without the aid of extrinsic facts to explain them, are so obviously and inevitably hurtful to the plaintiff that damage to his reputation may be presumed.

We must therefore determine whether this communication was privileged, and whether or not the facts alleged show the communication to be beyond the protection of privilege.

We believe that this communication was conditionally privileged since there could be a reasonable belief that facts existed which affected an important interest of the recipient; publication to the recipient is within generally accepted standards of decent conduct, and the publication was made in response to a request. Restatement of the Law, Torts, sec. 595, p. 247.

Here the communication was in response to a good faith inquiry from Park Forest Homes, Inc., and while not strictly limited to the enclosed form of reply, was reasonably related to the inquiry. As stated by the appellate court

in *Judge* v. *Rockford Memorial Hospital,* 17 Ill. App. 2d 365:

"A privileged communication is one which, except for the occasion on which or the circumstances under which it is made, might be defamatory and actionable: 33 Am. Jur., p. 123. We believe, under the circumstances, that the letter in question was written on a privileged occasion and is qualifiedly or conditionally privileged. Where circumstances exist, or are reasonably believed by the defendant to exist, from which he has an interest or duty, or in good faith believes he has an interest or duty, to make a certain communication to another person having a corresponding interest or duty, and the defendant is so situated that he believes, in the discharge of his interest or duty or in the interests of society, that he should make the communication, and if he makes the communication in good faith, under those circumstances, believing the communication to be true, even though it may not be true, then the communication is qualifiedly or conditionally privileged, even though the defendant's interest or duty be not necessarily a legal one but only moral or social and imperfect in character: 33 Am. Jur., p. 124; 33 Ill. L. and P., pp. 390-391. The essential elements are: good faith by the defendant, an interest or duty to be upheld, a statement limited in its scope to that purpose, a proper occasion, and publication in a proper manner and to proper parties only: 33 Am. Jur. p. 125; 33 Ill. L. and P., p. 391. In the absence of actual malice, a communication may be qualifiedly privileged, if the other essential elements are present, even though it is not true, and even though it charges a crime, but a communication loses its character as privileged and is actionable upon proof of actual malice: 3 Am. Jur., p. 126; 33 Ill. L. and P., p. 392. Both the person by whom and the person to whom the communication is made must have an interest or duty in respect of the matter in order to render it a qualifiedly or

conditionally privileged communication: 33 Am. Jur., p. 127."

We therefore conclude that this communication was conditionally privileged as a matter of law. However, although the occasion of the communication may be conditionally privileged, defendant may still be liable if the privilege is abused. Such abuse occurs if the publisher does not believe in the truth of the defamatory matter, or has no reasonable grounds for believing it to be true. *Suchomel* v. *Suburban Life Newspapers, Inc.,* 40 Ill.2d 32; Restatement of the Law, Torts, secs. 600-601, pp. 264, 265.

Plaintiff in count I alleges that the letter was written maliciously and in bad faith and that the allegations and implications of the letter were false. As an affirmative defense the defendants averred that the letter was written in response to a request from one having an interest in the information requested, was sent in good faith and was truthful to the best of defendants' knowledge. The plaintiff denied all affirmative allegations of the affirmative defense.

As we view the record the pleadings relating to count I raised triable issues of fact concerning the good faith and lack of knowledge of the defendants. The trial court was therefore in error in granting defendants judgment on the pleadings as to count I.

The judgment of the appellate court is reversed and the cause remanded to the trial court with instructions to deny defendants' motion for judgment on the pleadings as to count I.

*Reversed and remanded, with directions.*