FLECK BROS. CO., a New Jersey corporation, Plaintiff-Appellee,

v.

Rose M. SULLIVAN and William W. Nagel, co-partners, d/b/a Manufacturers Clearing House of Illinois, and Manufacturers Clearing House of Illinois, Inc., an Illinois corporation, Defendants-Appellants.

No. 17787.

United States Court of Appeals, Seventh Circuit.

March 10, 1970.

Mark A. Greenhouse, Chicago, Ill., Harold Stotland, Chicago, Ill., Collen & Kessler, Chicago, Ill., of counsel, for appellants.

Robert Marks, Chicago, Ill., William S. Kaplan, Chicago, Ill., Marks, Marks & Kaplan, Chicago, Ill., of counsel, for appellee.

Before SWYGERT, Chief Judge, and KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

The jury, in this libel suit brought under diversity jurisdiction, awarded

plaintiff (Fleck) $15,000 compensatory, and $35,000 punitive, damages. Defendants have appealed. We affirm.

Plaintiff, a New Jersey corporation, is a jobber buying from manufacturers, and selling to contractors and others, plumbing and heating supplies. Defendants operate an Illinois credit agency which reports to its subscribers credit information about wholesale customers of manufacturers.

The alleged libel, published by defendants, is the following letter:

May 31, 1963

Gentlemen:

I just want to take this opportunity to quote from two recent subscriber (*) letters:

"Enclosed is my check for $445.00 for 1963, also signed contract. I still think it is the best bargain in the plumbing and heating industry."

"We offer our congratulations on the way you handled and collected the $4,072.11 from our customer, Fleck Bros. Co., Camden, N.J. It was $37.50 well spent."

Do you feel this way about the service you are getting?

Yours very truly,
W. W. NAGEL
General Manager

WWNagel/LL

*Names will be furnished upon request.

The letter was sent to 1,200 manufacturers, not subscribers of defendants' service. At that time defendants had 400 subscribers and there were in the market "perhaps" 600 suppliers or potential suppliers of Fleck.

The letter was previously held by this court to be libelous *per quod*, under Illinois law. 385 F.2d 223 (1967). We there reversed the judgment dismissing the complaint, and remanded for proof of special damages.[1] Defendants on this appeal contend that Fleck failed to prove publication of the letter to suppliers which terminated plaintiff's credit, failed to prove special damages, and that therefore the court erred in refusing to direct a verdict.

■ The libel was published to more than 65 suppliers of Fleck among the 1,200 non-subscribers of defendants' service. This satisfied prima facie the element of proof of publication to suppliers who dealt with Fleck. 33 Ill.L. & P., Slander and Libel, § 42 at 387 (1958).

Gibraltar Corporation of America, until the libelous letter was shown to it, had provided Fleck an "open credit line" with a limit of $5,000 and a discount of "two per cent ten days, net thirty." In 1961 and 1962 Gibraltar sold $15,000 of supplies to Fleck. After seeing the letter Gibraltar decided to "retrench and, possibly, look at Fleck Bros. again before shipping on open account." Later it insisted on a "C.O.D. basis." A month after the credit adjustment Fleck stopped buying from Gibraltar. Argo Industries received the letter. Fleck had purchased $40,000 in supplies from Argo in the year preceding receipt of the letter. Fleck had previously been placed in the highest discount bracket under Argo's pricing arrangement. After the letter was received Argo placed Fleck in a lower discount bracket with a five per cent reduction in discount, and subsequently withdrew Fleck's credit completely. Both Gibraltar and Argo were subscribers to defendants' letters. This evidence satisfied prima facie the essential element of proof of the fact of damage proximately caused by the libel.

■ Viewing all the evidence in the light most favorable to Fleck, we hold the district court did not err in denying defendants' motion for directed verdict. We cannot say the evidence so overwhelmingly favors defendants that no contrary verdict based on that evidence

---

1. The complaint was in two counts. We found it unnecessary to discuss the second count based on a claim of invasion of privacy. We thought if plaintiff could prove what it claimed in Count Two it "will have succeeded" under the libel count.

could ever stand. This court's decision in Continental Nut Co. v. Robert L. Berner Co., 393 F.2d 283 (7th Cir. 1968), does not require a contrary holding. There the evidence was neither specific as to any particular "customers" lost as a result of the libel, nor as to a causal connection between the libel and alleged damage.

 There was testimony that Fleck's purchases fell almost $400,000 from 1962 to 1963 and that nothing before publication of the letter was responsible for the fall; that beginning in 1963 Fleck lost from Argo, in the four years before suit, purchase quantity discounts of $2,000 per year, and timely payment discounts of $800 per annum; approximately $1,200 from Gibraltar, plus losses from other suppliers which, added to the Argo and Gibraltar losses, well exceed $15,000. The awards of the jury do not shock the conscience of this court as defendants insist the awards should do.

Defendants claim error in the court's refusal to give Defendants' Instruction 20, on the law of "conditional privilege." The essentials of "conditional privilege" to be proven by defendants under Illinois law are "good faith by the defendant, an interest or duty to be upheld, a statement limited in its scope to that purpose, a proper occasion and publication in a proper manner and to proper parties only." Zeinfeld v. Hayes Freight Lines, Inc., 41 Ill.2d 345, 243 N.E.2d 217, 221 (1968). The district court did not err in refusing to give the instruction on the record here. Neither Argo nor Gibraltar whom defendants may have had a duty to protect had requested the information about plaintiff; and the letter was not published only to subscribers who may be considered proper parties. Nor was there anything to justify a reasonable belief that the defendants had a duty, acting in good faith, to communicate the defamatory material. Zeinfeld v. Hayes Freight Lines, Inc., supra; Judge v. Rockford Memorial Hospital, 17 Ill.App.2d 365, 150 N.E.2d 202 (1958).

We have considered the remaining points urged by defendants and decide that they need not be discussed, since on this record they do not affect substantial rights. Fed.R.Civ.P. 61.

Affirmed.