NORBERT C. VAN TUIL, Plaintiff-Appellant, *v.* LEWIS C. CARROLL, Individually and as agent for CONVENIENT FOOD MART, INC., Defendant-Appellee.

(No. 55422; 

First District—February 9, 1972.

Wotan & Muscarello, of Chicago, (Mark J. Muscarello, of counsel,) for appellant.

Charles C. Kirshbaum and Barry L. Kroll, both of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

The plaintiff, Norbert Van Tuil, brought an action against defendant Lewis Carroll for libelous defamation of his character allegedly resulting from the mailing, by defendant to plaintiff's employer of a carbon copy of a letter. The trial court entered an order sustaining defendant's motion to dismiss plaintiff's complaint and dismissing the suit at plaintiff's cost. On appeal the plaintiff contends that the trial court improperly interpreted and applied the rule of innocent construction.

The rule of innocent construction provides that words allegedly libelous that are capable of being read innocently must be so read.

The allegedly libelous ten-page letter stated at page 3:

"1. Mr. Norbert C. Van Tuil is of the proper age, *i.e.,* 46 at that time, but far from being an ignorant factory worker, he was and is a command pilot of American Air Lines, considered to have the mental ability to make decisions affecting a three or four million dollar aircraft and the lives of 100 or more passengers. Therefore, he could hardly be considered a naive individual."

In the first count of the complaint, the plaintiff alleged that for twenty years prior to the mailing of the libelous letter he had been employed as an airline captain by American Airlines, Inc. The plaintiff further alleged that the defendant falsely, maliciously and wrongfully wrote and mailed a copy of the libelous letter to the plaintiff's present employer. The plaintiff also alleged that the letter contained statements which were libelous *per se* because they impeached his reputation for honesty and through innuendo, disparaged him before his present employer. The plaintiff alleged that the defendant sent the letter in order to charge that the plaintiff was unfit to be associated with American Airlines, Inc. In conclusion the plaintiff alleged that the letter was received and read by his present employer and therefore he was injured in his good name, credit and in his employment. The plaintiff has abandoned the purported cause of action pleaded as the second count.

By his motion to dismiss, defendant had admitted the truth of all the material allegations properly pleaded in the complaint.

■■■ "A motion to strike or dismiss a complaint in an action for defamation may be sustained where it fails to state facts constituting a cause of action." (I.L.P. Slander and Libel § 97.) "[T]he law is well settled that a motion to dismiss will be sustained if the words claimed to be libelous are not reasonably or fairly capable of the construction placed upon them by plaintiffs, and that it is for the court to decide whether

the publication was reasonably capable of the meaning ascribed to it in the innuendo. (*Clarkson v. Book Supply Co.*, 170 Ill.App. 86, and numerous cases cited therein)". *Kulesza v. Chicago Daily News, Inc.*, 311 Ill.App. 117, 125, 35 N.E.2d 517.

■■ In *Zeinfield v. Hayes Freight Lines, Inc.*, 41 Ill.2d 345, 243 N.E.2d 217, the Supreme Court at pages 347-348 said:

"The innocent-construction rule, as was held in the *John* case, requires that defendants' language 'is to be read as a whole and the words given their natural and obvious meaning, and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law.' (24 Ill.2d at 442.) The rule of innocent construction is a well established principle of libel law frequently approved and applied by both the Illinois courts and Federal courts sitting in Illinois. *Archibald v. Belleville News Democrat*, 54 Ill.App.2d 38; *Parmelee v. Hearst Publishing Co.*, 341 Ill.App. 339; *Dilling v. Illinois Publishing and Printing Co.*, 340 Ill.App. 303; *LaGrange Press v. Citizens Publishing Co.*, 252 Ill. App. 482; *Lepman v. Everett*, (7th Cir.) 333 F.2d 154; *Crosby v. Time, Inc.* (7th Cir.) 254 F.2d 927; *Brewer v. Hearst Publishing Co.*, (7th Cir.) 185 F.2d 846.

Whether language is susceptible of an innocent construction is a question of law for the court, to be resolved by reading the language 'stripped of innuendo', *John v. Tribune Co.*, 24 Ill.2d at 441; *Latimer v. Chicago Daily News, Inc.*, 330 Ill.App. 295; *Lepman v. Everett*, (7th Cir.) 333 F.2d 154."

The plaintiff failed to point out any language in the letter which was libelous of him.

■■ We have construed the language used in this letter according to its natural and obvious meaning, taking into consideration the letter as a whole. The language of the ten page letter was not libelous of the plaintiff.

The trial court correctly concluded that the complaint did not state a cause of action, and its judgment is affirmed.

Judgment affirmed.

DIERINGER, P. J., and BURMAN, J., concur.