VEE SEE CONSTRUCTION COMPANY, INC., Plaintiff-Appellant, *v.* JENSEN AND HALSTEAD, LIMITED, *et al.*, Defendants-Appellees.

First District (4th Division)    No. 79-605

Opinion filed December 27, 1979.

Petit and Safeblade, of Chicago (Edward Atlas, of counsel), for appellant.

Lord, Bissell and Brook, of Chicago (Hugh C. Griffin and William J. White, of counsel), for appellees.

Mr. JUSTICE LINN delivered the opinion of the court:

This appeal arises out of an action for libel *per se* brought by a general contractor, Vee See Construction Company, against a supervising architectural firm, Jensen and Halstead, Limited, and its employee, Guy H. Van Swearingen III, for statements in a letter directing the contractor to comply with certain contract painting specifications on a Chicago board of education rehabilitation project. The circuit court of Cook County dismissed the amended complaint, finding that the letter written by Van Swearingen could be innocently construed and was qualifiedly privileged.

Plaintiff appeals, contending: (1) the letter is also susceptible of a defamatory meaning, thus raising a question of fact for the jury; and (2) the letter is not qualifiedly privileged.

We affirm the dismissal of the amended complaint.

In May 1978, Vee See Construction Company was engaged by the Chicago board of education as a general contractor for rehabilitation and construction work at the Simeon Vocational High School. The contract between Vee See and the board called for painting both new and existing surfaces and specified the number and types of coats of paint to be applied to each surface.

The Board also engaged Jensen and Halstead, Limited, as architects and engineers to supervise the rehabilitation work and to see that the work complied with the contract plans and specifications which Jensen and Halstead had prepared.

On May 1, 1978, Guy H. Van Swearingen III, an employee of Jensen and Halstead, sent a letter to Vergil C. Herter, president of Vee See, directing Vee See to comply with certain contract specifications. The letter read as follows:

"May 1, 1978
Mr. Vergil C. Herter, President
Vee See Construction Company
4100 West 105th Street
Oak Lawn, Illinois 60453

Re: Simeon Vocational High School
    (Our Job No. 3609F)
    Painting

Dear Mr. Herter:

It has come to my attention that your painting contractor, acting on your instructions according to him, has been applying only two (2) coats of paint on the walls of the above job. The Specifications are very clear on both the number of coats of paint to be applied, to wit, three (3) and that each coat be inspected by our Field Observer, Mr. Ligtvoet. He has failed to notify us, either through you or directly, of each coat as is required by the Specifications (9F10.C) before applying each succeeding coat of paint.

You are, therefore, directed, with the full knowledge and consent of the Owner, to apply a coat of paint, color as called for, to all areas already painted which were supposed to receive three (3) coats of paint so that Mr. Ligtvoet may inspect and verify that you

have done so. You are further directed to comply with the Specifications requirements for painting for the remainder of the work.

Very truly yours,

Guy H. Van Swearingen, III
GHVS/1h

cc: Mr. Kenneth Groggs    Mr. Harry Kolkebeck
     Mr. Donald Copland    Mr. Ned L. McCray
     Mr. Nicholas J. Barun    Mr. Ed Lorenc."

As a result of this letter, Vee See filed an action for libel *per se*. The amended complaint alleged that defendants maliciously and wrongfully mailed the letter to persons who had no knowledge of the contract specifications and that the letter falsely implied Vee See was cheating the Board, thereby injuring Vee See in its trade, business, and contractual relations with the Board. On defendants' motion pursuant to section 45 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 45), the trial court dismissed the action on the basis of the innocent construction rule as well as finding that the statements in the letter were privileged. Vee See appeals.

OPINION

In determining whether the language under scrutiny is actionable *per se*, Illinois courts have long applied the innocent construction rule which requires that the writing "is to be read as a whole and the words given their natural and obvious meaning and requires that words allegedly libelous that are capable of being read innocently must be so read and declared nonactionable as a matter of law." *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 442, 181 N.E.2d 105, 108, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148.

It is Vee See's position that this rule was born of judicial error and should be abandoned. Vee See maintains the older and more correct rule is that when words are ambiguous, and susceptible of both an innocent and a defamatory meaning, it is the province of the jury to determine whether or not the words are libelous. To support its position, Vee See cites several Illinois cases decided before *John v. Tribune Co.* (1962), 24 Ill. 2d 437, 181 N.E.2d 105, *cert. denied* (1962), 371 U.S. 877, 9 L. Ed. 2d 114, 83 S. Ct. 148. *Ogren v. Rockford Star Printing Co.* (1919), 288 Ill. 405, 123 N.E. 587; *Ball v. Evening American Publishing Co.* (1908), 237 Ill. 592, 86 N.E. 1097; *Dowie v. Priddle* (1905), 216 Ill. 553, 75 N.E. 243.

Admittedly a minority position (see Prosser, Torts §111, at 747-48

(4th ed. 1971); Restatement (Second) of Torts §614 (1977)), the innocent-construction rule first received express approval from our supreme court in *John*, where the court noted that the rule had been adopted and applied by Illinois appellate courts and Federal courts sitting in Illinois (see cases cited in 24 Ill. 2d 437, 442-43, 181 N.E.2d 105, 108). Although the reference to the rule in *John* has been described as dictum (*Valentine v. North American Co.* (1974), 60 Ill. 2d 168, 172, 328 N.E.2d 265, 268 (Ward, J., dissenting)), the supreme court nonetheless applied the rule in *Zeinfeld v. Hayes Freight Lines, Inc.* (1969), 41 Ill. 2d 345, 243 N.E.2d 217, and more recently in *Valentine v. North American Co.* (1974), 60 Ill. 2d 168, 328 N.E.2d 265.

We do not view the supreme court's decision in *Troman v. Wood* (1975), 62 Ill. 2d 184, 340 N.E.2d 292, as a departure from this rule. In *Troman*, the court addressed the defendant's contention that the article was not "of and concerning" the plaintiff and stated "the preliminary determination whether the article is capable of being so understood is a question of law which must, upon the motion to dismiss in this case, be resolved in favor of the plaintiff." (62 Ill. 2d 184, 189, 340 N.E.2d 292, 294.) Thus, the court concluded as a preliminary matter that the article's reference to the plaintiff by name and its inclusion of a photograph of a house identified as her residence could not be innocently construed as a reference to anyone other than the plaintiff. Whether the article was in fact understood by readers to refer to plaintiff then became a question for the jury.

Illinois appellate courts have religiously applied the rule enunciated in *John*. (Cases cited in *Valentine v. North American Co.* (1974), 60 Ill. 2d 168, 171, 328 N.E.2d 265, 267; see also *Makis v. Area Publications Corp.* (1979), 77 Ill. App. 3d 452, 395 N.E.2d 1185; *Dauw v. Field Enterprises, Inc.* (1979), 78 Ill. App. 3d 67, 397 N.E.2d 41; *Garber-Pierre Food Products, Inc. v. Crooks* (1979), 78 Ill. App. 3d 356, 397 N.E.2d 211.) One recent appellate court opinion offered the following summary of the policies which support the innocent-construction rule:

> "Originally adopted in England as the doctrine of 'mitior sensus,' the rule is that when the words which form the heart of a defamation suit can be given two or more meanings, one of which is favorable and not defamatory, the court will construe the words in the favorable sense. [Citations.]
>
> The rule of innocent construction has the desirable benefits of encouraging the robust discussion of daily affairs [citation], as well as of reducing litigation. 'The law of libel does not provide redress for every expression of opinion touching on a person's capabilities or qualifications * * * no matter how much the complained of

statement may injure the subject person in his own conception.' [Citation.]

The innocent construction rule also comports with constitutional concerns about encouraging free expression. * * * The innocent construction rule insures that no article will be held libelous unless the editors know that the only reasonable interpretation which can be given to their article is defamatory." *Dauw v. Field Enterprises, Inc.* (1979), 78 Ill. App. 3d 67, 71, 397 N.E.2d 41, 44.

We rejected a challenge to the innocent construction rule in *Makis v. Area Publications Corp.* (1979), 77 Ill. App. 3d 452, 457, 395 N.E.2d 1185, 1189, where we stated "the appellate court is not the appropriate forum to seek a change in this well-established rule of law." For these reasons, we again decline to abandon the rule.

In applying the rule, the words are to be read stripped of innuendo (*Zeinfeld v. Hayes Freight Lines, Inc.* (1969), 41 Ill. 2d 345, 243 N.E.2d 217), accorded their natural and obvious meaning (*John*), and taken in their best possible sense (*Wexler v. Chicago Tribune Co.* (1979), 69 Ill. App. 3d 610, 387 N.E.2d 892). Each case must be decided on its own facts. *Korbar v. Hite* (1976), 43 Ill. App. 3d 636, 357 N.E.2d 135, *cert. denied*, 434 U.S. 837, 54 L. Ed. 2d 98, 98 S. Ct. 127.

Here, although pointing to no misstatements of fact, Vee See argues that the language of the letter conveys the idea that it was cheating the Board by instructing the painters to apply only two coats of paint where three were required. Keeping in mind that all of the persons who received copies of the letter may not have had personal knowledge of the contract specifications, we still fail to see how the letter conveys a defamatory meaning.

When both paragraphs of the letter are read together, the import is clear that Vee See is to direct the painting contractors to apply three coats of paint to those surfaces which are specified to receive three coats. The specifications did not require that all surfaces receive three coats of paint, and the letter does not so imply. Similarly, the letter does not accuse Vee See of preventing the field observer from detecting the number of coats of paint which had been applied. It merely states "he [the field observer] has failed to notify us [defendants], either through you [Vee See] or directly, of each coat * * *." The letter is capable of being understood by the reasonable and careful reader as an architect's direction to a general contractor to comply with the contract plans and specifications. It is difficult to arrive at any other conclusion.

Even if the letter is read as an attempt to resolve a dispute or misunderstanding over contract specifications, it is not actionable. To state a cause of action for libel *per se* where the plaintiff is a corporation,

the statements allegedly defaming the plaintiff in its trade or business must assail the corporation's financial position or business methods, or accuse it of fraud or mismanagement. (*Garber-Pierre Food Products, Inc. v. Crooks* (1979), 78 Ill. App. 3d 356, 397 N.E.2d 211.) Opinions and judgments of a party may be harsh, critical or even abusive, yet still not subject the writer to liability. (*Sloan v. Hatton* (1978), 66 Ill. App. 3d 41, 383 N.E.2d 259.) Viewing the defendants' letter within the business setting, it is reasonable to conclude that it is an attempt to resolve a misunderstanding between the supervising architect and the general contractor on the same project, rather than an imputation of dishonesty in carrying out the contract specifications.

We hold, as a matter of law, that the letter is not defamatory. We, therefore, affirm the trial court's dismissal of the complaint on this basis and find it unnecessary to reach the question of qualified privilege.

Affirmed.

JIGANTI, P. J., and JOHNSON, J., concur.