Pekin Memorial Hospital, an Illinois Not-for-Profit Corporation, Plaintiff-Appellee, v. Albert E. Schilling, Supervisor of General Assistance, Pekin Township, Tazewell County, Illinois, Defendant-Appellant.

Gen. No. 69–67.

Third District.

March 31, 1970.

Dunkelberg & Rust, and Alfred W. Black of Pekin, for appellant.

Moehle, Moehle, Reardon & Sincock, of Pekin, for appellee.

ALLOY, J.

Plaintiff Pekin Memorial Hospital had accepted certain patients for medical treatment and had cared for such patients as prescribed by the patient's physician. Shortly after the individuals referred to were admitted to the hospital, the hospital determined that the persons had no funds with which to pay their bills. Five days after the admission of such patients, the hospital partially filled out a form used by the Illinois Public Aid and had each of the patients sign this form. The forms were then sent to the defendant Albert E. Schilling, Supervisor for Pekin Township, with a request for payment of the bills. The hospital also notified the defendant that the hospital had determined that the patients were medically indigent and that they were residents of Pekin Township or had been injured or fallen ill in Pekin Township. Defendant, as Supervisor of Pekin Township, was also, by statute, Supervisor of General Assistance for Pekin Township. Defendant refused to make payment of the bills submitted by the hospital and contended that the hospital was first required to

474

file an application for payment on forms of the Supervisor rather than the Illinois Public Aid form which was used by the hospital.

The hospital thereupon filed an action in twelve counts (a count for each patient), and thereafter there were numerous motions and pleadings in the cause. Finally, the plaintiff hospital filed motions for summary judgment and supported the motions as to each count with three affidavits. One of the affidavits was by the patient describing the financial condition of the patient and disclosing that the patient had no funds with which to pay the hospital bill. Another affidavit was that of the attending physician which described the physical condition of the patient, the charges for services, and also stated that the charges for services rendered by the hospital were the usual, regular and proper charges for such services. There were attached copies of the various hospital bills which billed the charges for specific items such as laboratory and room. The bills contained a key system which could be used to check back on each particular item charged to any patient.

Another affidavit in support of the motion for summary judgment was signed by the finance director of the hospital. In this affidavit, the finance director stated that the charges made for the various bills were the usual and regular fees charged by hospitals in the area. No counteraffidavits were filed by defendant, nor did he file any motion to test the validity of any of the affidavits or contest any of the facts therein stated.

On appeal in this Court, a motion was made to strike the brief of defendant, but in view of our disposition of the case we do not believe it is necessary to rule on such motion.

The basic issue before this Court is whether summary judgment was proper. This involved the determination of whether the affidavits filed in support of the motions for summary judgment were sufficient to

sustain the entry of such judgments in favor of plaintiff and, also, incidentally whether the charges made by the hospital were fair and proper. An incidental issue also raised was whether the affirmative defense asserted by defendant that "Pekin Township is an independent governmental unit and is not subject to the supervision of state or federal government" was correctly dismissed by the trial court.

Summary judgment is only proper if there is no material question of fact still in issue after considering the pleadings and affidavits (Craig v. Launer, 346 Ill App 234, 104 NE2d 830; Ruby v. Wayman, 99 Ill App2d 146, 240 NE2d 699). As we have indicated in the recital of facts, there was no objection to the affidavits filed, and the question of sufficiency of such affidavits should not be raised for the first time on review (Wool v. Solar Aircraft Co., 47 Ill App2d 84, 90, 197 NE2d 477; Campione v. Henry C. Lytton & Co., 57 Ill App2d 147, 152–3, 206 NE2d 780). Since no motion was made to strike any affidavit, the trial judge was not given an opportunity to pass on the sufficiency of any such affidavit. It appears, however, from a deposition in the record that defendant was not even questioning the reasonableness of the charges made by the hospital. While the hospital bills contained charges by general classification, there was a code included in the bill which could be used to determine the exact drug or charge and when it was furnished. On the basis of the record, it is apparent that the bills were sufficiently itemized to allow defendant to object if defendant had any question as to any charges for service. The circumstance that defendant had filed a verified answer to the pleadings did not substitute for specific affidavits as to the issues before the court for determination as a result of the motion for summary judgment with attached affidavits (Roberts v. Sauerman Bros., Inc., 300

476

Ill App 213, 20 NE2d 849). With respect to the issue of whether there were responsible relatives the affidavits submitted by plaintiff disclosed that the patients did not have sufficient funds, even including any help they had from responsible relatives. If defendant sought to contend that there were in fact responsible relatives he should have filed an affidavit to this effect. Since he failed to do so, we cannot determine this question adversely to plaintiff on appeal in this cause.

Another issue which was raised was whether the trial court properly dismissed the affirmative defense asserted by defendant to the effect that "Pekin Township is an independent governmental unit and is not subject to the supervision of State or Federal government." In the cause before us, the hospital was seeking to have defendant furnish medical aid to various patients pursuant to 1967 Ill Rev Stats, c 23, §§ 7-1 through 7-6. These provisions are referred to as "Article VII Aid." Under such Article VII Aid, the Township where the eligible person falls ill or resides is designated as the local government unit which must pay for such aid. Defendant contended, as an affirmative defense, that plaintiff had used Illinois Public Aid forms in requesting payment when plaintiff should have used defendant's application forms. In this respect, defendant referred to section 7-2 of chapter 23, 1967 Ill Rev Stats, which provides that a local governmental unit not receiving State funds for purposes of this Article may prescribe a uniform standard of eligibility according to local conditions. It is also provided that such locally prescribed standards may be less, but not more, restrictive than the uniform standard of eligibility established by the Illinois Department. In this statute it is also provided that the Township Supervisor shall be Supervisor of General Assistance (1967 Ill Rev Stats, c 23, § 12-21.2), and likewise provides that the Supervisor is to administer

477

Article VII Aid (1967 Ill Rev Stats, c 23, § 12-21.8). It is further provided in 1967 Ill Rev Stats, c 23, § 21-12.17, "The administration of public aid by local government units under Article VII shall be subject in all instances to the supervision and rules and regulations of the Illinois Department."

■ It, therefore, appears from all the statutory provisions relating to the question, that, although section 7-2 gives the local governmental unit the authority to set up standards of its own as long as the standards are not more restrictive than those of the Illinois Department, as to Article VII Aid, the administration of the aid is subject to regulation by the Illinois Department whether or not the Township is receiving federal funds. The claims of plaintiff were in proper form and should have been honored by defendant. It is, therefore, apparent that the court properly rejected the contention of the defendant that he is not subject to regulations of the Illinois Public Aid Department.

Since we find no reversible error in the proceedings in the Circuit Court of Tazewell County, the judgments entered therein will be affirmed.

Affirmed.

RYAN, P. J. and STOUDER, J., concur.