CONSTANCE KAMBEROS, Plaintiff-Appellant, *v.* PHILIP I. SCHUSTER *et al.*, Defendants-Appellees.

(Nos. 53456, 54694 cons.;

First District—March 30, 1971.

Sherwin & Sherwin, of Chicago, (Julius L. Sherwin and Theodore R. Sherwin, of counsel,) for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John M. Moelmann and Thomas M. Crisham, of counsel,) for appellees.

Mr. PRESIDING JUSTICE LEIGHTON delivered the opinion of the court:

This is the consolidation of two appeals from judgments entered in a suit brought to recover actual and punitive damages for alleged libel

and defamation. The issue in both appeals is whether the trial judge erred in granting defendants' motions for summary judgment.

The record discloses that on February 28, 1967, plaintiff Constance Kamberos, was an attorney at law employed by the defendant Allstate Insurance Company. Her supervisor was Philip I. Schuster, one of three individual defendants in the complaint. In his supervisory capacity, Schuster wrote the following memorandum to the plaintiff:

"To: C. Kamberos
Office Law Division
From Philip I. Schuster
Date. February 28, 1967
    Re: Greenspon v. Evans
        Our File: 2R 64356
Mr. Croke approached me last Friday with the above captioned file. He informed me that the hearing on plaintiff's petition to advance was held on 2/23/67 and was granted. In reviewing the file, I note that you handled the initial hearing on 2/10/67 but failed to follow through on the 2/23/67 hearing, with the result that the petition was granted and the case transferred to Judge Moran in 1501.
I have heard unfavorable comment from Judge Palmer on your rude and unprofessional conduct during the hearing on this case on February 10.
I want you to do the following immediately:
    1. Find out when this cause is set before Judge Moran.
    2. Prepare to contest it (There is a New York Case in point—*Wolff vs. Lawrence,* 233 NYS 2d 555—find it in the North Eastern Reporter and urge it) and appear and contest it when it's up. You might also consider lack of due process.
    3. Advise me by memo no later than 3/7/67 why you failed to appear at the 2/23/67 hearing.
    4. If the case is advanced, prepare an Exhibit #13 immediately and refer to Mr. Harrington for assignment to a trial attorney.
Remember at all times to conduct yourself in a courteous and professional manner.
                        Philip I. Schuster
PS: tp."

The original of this memorandum was kept in Schuster's personal file.

Defendant Tim J. Harrington was then the managing attorney of the Law Division of Allstate Insurance Company in Chicago. Either on March 10 or March 13, 1967, plaintiff complained to Harrington about

Schuster's memorandum. She told Harrington that she had talked with the judge referred to by Schuster. The judge told her he did not make any unfavorable comment concerning her conduct. She requested of Harrington that the memorandum and all its copies be removed from company files and destroyed. This was not done. Later, the original of the memorandum was sent to the claim manager of the Illinois Regional Office of Allstate.

On May 10, 1967, defendant Patrick F. Healy, Jr. succeeded Schuster as plaintiff's supervisor. His duties required him to prepare periodic Performance Evaluation Reports concerning plaintiff's work as a lawyer for Allstate. In the discharge of this duty Healy, on February 13, 1968, prepared a report which, in part, said of plaintiff:

"Miss Kamberos has failed totally in establishing a rapport with her attorneys. There seems to be a complete lack of appreciation of the concept of team work. She seldom, if ever, volunteers to help others in the office who have a conflict in their schedule. * * * In the writer's opinion, the cause for this lies in the fact that Miss Kamberos has failed to establish avenues of communication between herself and her fellow attorneys. To the contrary, she has on occasions taken steps which seem to be calculated to create friction within the office."

The report was placed in the personnel file of Allstate for use in the evaluation of plaintiff's performance as a lawyer. On February 16, 1968, she was discharged as an attorney in the claim office of Allstate Insurance Company.

Twelve days later, plaintiff filed a four-count complaint charging that defendants libelled, defamed and damaged her good name and reputation as an attorney and counselor at law by the preparation, distribution and publication of Schuster's memorandum of February 28, 1967, and Healy's Performance Evaluation Report of February 13, 1968. Plaintiff alleged that in the acts they committed, Schuster, Harrington and Healy were attorneys, employees and agents acting in the course and within the scope of their employment for the defendant Allstate Insurance Company. Plaintiff prayed for recovery of $100,000.00 in actual damage from each defendant, punitive damages of $100,000.00 from Healy and $1,000,000.00, punitively from Schuster, Harrington and Allstate. She prayed for costs and expenses of the suit; and as to the individual defendants, "[t]hat malice be found to be the gist of this action, * * *."

Defendants filed an answer which controverted plaintiff's material allegations and included four special defenses. A month later, defendants filed a motion for summary judgment on three grounds: (1) the two communications were susceptible to an innocent construction; (2) they

were not libelous and (3) they were privileged. The motion was supported by affidavits in which Schuster, Harrington and Healy stated that the communications about which plaintiff complained arose out of their respective relations as lawyer employees of Allstate Insurance Company A short time later, plaintiff filed counter-affidavits supported by the depositions of the individuals whose names were mentioned in Schuster's memorandum. When the motion for summary judgment was heard, defendants moved to strike plaintiff's counter-affidavits on the ground that they failed to comply with Illinois Supreme Court Rule 191 (a).[1] On July 2, 1968, the trial judge sustained defendants' motion, struck plaintiff's counter-affidavits and entered a summary judgment in favor of Harrington, Healy and Allstate. He denied Schuster's motion for summary judgment. Plaintiff appealed from the judgment.

Thereafter, Schuster took plaintiff's deposition. On June 11, 1969, he renewed the motion for summary judgment supported by the affidavit of his which had been a part of the earlier motion. In addition, he attached plaintiff's deposition, in three volumes. Sometime later, plaintiff filed a counter-affidavit, which with the exception of the last paragraph, was identical with one the trial judge had stricken on defendants' motion. Defendant again moved to strike the counter-affidavit because it did not comply with Supreme Court Rule 191 (a). On September 26, 1969, the trial judge sustained defendant's motion, struck plaintiff's counter-affidavit and entered summary judgment in favor of Schuster.

Plaintiff contends that allowance of the motions for summary judgment was error. Defendants; using the grounds they urged in the trial court, contend that allowance of the motions was proper. We conclude that Schuster's memorandum of February 28, 1967, and Healy's performance Evaluation Report of February 13, 1968, were qualifiedly or conditionally privileged communications. This being so, plaintiff, in the summary judgment proceedings, had to show that in the preparation, publication and distribution of the communications, Schuster and Healy were motivated solely by malice. This, she did not do. As a result, the record

---

[1] § 191. (Supreme Court Rule 191). *Affidavits in Proceedings for Summary Judgment and Under Section 48*

(a) Requirements. Affidavits in support of and in opposition to a motion for summary judgment and affidavits under section 48 of the Civil Practice Act shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all papers upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. If all of the facts to be shown are not within the personal knowledge of one person, two or more affidavits shall be used.

before the trial judge did not present a genuine issue as to any material fact which would prove malice. Therefore, allowance of the motions for summary judgment was not error. We affirm the judgments.

## I.

■■ Plaintiff's complaint, defendants' answer, the motion for summary judgment, the affidavits and the depositions in support disclosed to the trial judge that when Schuster's memorandum and Healy's report were prepared, published and distributed, defendants acted in good faith supervising plaintiff's work as an attorney at law for Allstate Insurance Company. Thus, plaintiff and defendants were in circumstances which gave them a common interest and duty in the subject matter of the communications. Where circumstances exist, or are reasonably believed to exist, which give a person an interest or duty, or a good faith belief in the existence of an interest or duty, and the person makes a communication to another having a corresponding interest or duty, (or the situation is such that he believes he should make the communication and does so in good faith, believing it to be true, although it is untrue), the communication is qualifiedly or conditionally privileged. (*Judge v. Rockford Memorial Hospital*, 17 Ill.App.2d 365, 150 N.E.2d 202.) A qualifiedly or conditionally privileged communication is one made under circumstances that rebut the *prima facie* inference of malice which would otherwise result from publication of matters prejudicial to the character of a complaining party; and it throws on that party the burden of proving actual malice or malice in fact. (*Schlaf v. State Farm Mut. Auto. Ins. Co.*, 15 Ill.App.2d 194, 145 N.E.2d 791; Newell on Slander and Libel, Section 340 (4th Ed.).) Because the summary judgment record established that the two communications were qualifiedly or conditionally privileged, the burden of showing malice was on the plaintiff. (*Reed v. Albanese*, 78 Ill.App.2d 53, 223 N.E.2d 419.) She could have discharged this burden by filing counter-affidavits alleging facts which at trial would prove actual malice by defendants Schuster and Healy when they prepared, published and distributed the two communications. *Suchomel v. Suburban Life Newspapers*, 40 Ill.2d 32, 240 N.E.2d 1; *Sarelas v. Law Bulletin Pub. Co.*, 115 Ill.App.2d 205, 253 N.E.2d 168.

It appears, however, that defendants' first motion for summary judgment was supported by affidavits of Schuster, Healy and Harrington. Plaintiff filed three counter-affidavits. One opposed in general terms the motion for summary judgment; two countered the affidavits of Schuster and Harrington. Thus, Healy's affidavit was uncontested. On defendants' motion, the court struck all of plaintiff's counter-affidavits because they

violated a Supreme Court rule. No other counter-affidavits were filed.

■■■ ·The primary function of a motion for summary judgment is to determine whether the record before the trial court discloses a genuine issue as to any material fact. (*Castleman v. Wright*, 334 Ill.App. 74, 78 N.E.2d 341; *Morris v. Anderson*, 121 Ill.App.2d 169, 259 N.E.2d 601.) Where affidavits are filed in a summary judgment proceeding, they serve as substitutes for testimony taken in open court. They are required to reflect that to which the affiant can competently testify if he is sworn as a witness at the trial. (*James F. Goodwin, Inc. v. George W. Bowers Co.*, 24 Ill.App.2d 158, 164 N.E.2d 278.) If affidavits in support of a motion for summary judgment are not contested by motion or by counter-affidavits, the facts contained in them are admitted. (*Glen View Club v. Becker*, 113 Ill.App.2d 127, 251 N.E.2d 778.) In such a case it is proper for the trial court to grant the summary judgment. *Pekin Memorial Hospital v. Schilling*, 121 Ill.App.2d 473, 257 N.E.2d 124.

■■■ In the case before us the record, being construed as if plaintiff had never filed counter-affidavits, contained only Schuster's and Healy's sworn explanation of the circumstances under which, in good faith, they prepared, published and distributed the two communications in question. Since their affidavits were not contested, the record, as it stood before the trial judge, did not present a genuine issue as to any material fact which would have proved malice in connection with the communications. Therefore, grant of summary judgment to Harrington, Healy and Allstate Insurance Company was proper. There is no merit in plaintiff's contention that denial of summary judgment to Schuster made grant of the same relief to Allstate erroneous. The grounds for the motion were sound; therefore, since the trial judge gave no reasons for his ruling, the grounds urged in the trial court determine the correctness of the judgment. *Mound City Warehouse Co. v. Illinois C. R. Co.*, 51 Ill.App.2d 103, 200 N.E.2d 919.

## II.

Correctness of the summary judgment in favor of Schuster is tested by the same principles. Contrary to plaintiff's contention, the summary judgment motion which Schuster later made was not identical in every respect with the earlier one in which he joined the other defendants. His motion, supported by his affidavit, had attached to it a three-volume deposition of the plaintiff. Moreover, after plaintiff filed a counter-affidavit, the court, on defendant's motion, struck it because it too did not comply with Supreme Court Rule 191 (a). Plaintiff made no effort to comply with the rule. Again, as in the earlier motion, the record contained only Schuster's uncontested version of the circumstances under which he prepared, published and distributed the memorandum in

question. Thus, concerning malice, the record did not present a genuine issue as to any material fact. Grant of this summary judgment was also proper. *Sarelas v. Law Bulletin Pub. Co., supra.*

Judgments affirmed.

McCORMICK and STAMOS, JJ., concur.