GERALD ASHE, Plaintiff-Appellant, *v.* JAMES HATFIELD *et al.*, Defendants-Appellees.

(No. 58301; ▮)

First District (1st Division)—July 2, 1973.

Foss, Schuman & Drake, of Chicago, (Carolyn H. Krause, of counsel,) for appellant.

Sidley & Austin, of Chicago, (David P. List and Jerrold E. Fink, of counsel,) for appellees.

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

Gerald Ashe (plaintiff) brought action for libel against Columbia Broadcasting System, Inc. and its Assistant News Director James Hatfield (defendants.) The trial court sustained the motion of defendants and dismissed the suit with prejudice. Plaintiff appeals.

The pertinent facts appear from the properly pleaded allegations of plaintiff's complaint, admitted by the motion to dismiss. (*Holiday Magic, Inc. v. Scott*, 4 Ill.App.3d 962, 963, 282 N.E.2d 452 and cases therein cited.) It appears from the complaint that plaintiff was, and still is, employed as a news writer by defendant Columbia Broadcasting, where defendant James Hatfield worked as assistant news director. On or about May 25, 1972, Hatfield, individually, and as agent for Columbia Broadcasting, "maliciously and wrongfully" published a certain "false, defamatory, malicious and scandalous libel of and concerning Plaintiff and of his said employment." This was written with the intention of injuring and destroying plaintiff's good name and reputation in his employment and to cause him to be regarded as unfit and unworthy to perform his duties as a journalism writer.

A copy of the allegedly libelous communication was appended to the complaint. It is here reproduced in full::

"CBS MEMORANDUM

From: Jim Hatfield
To:    JERRY ASHE
Date: 5/25/72
       cc: MANN, D. SMITH, J. J. RODGER, FILE

For the second time in two days, I find it necessary to take this formal way of advising you your writing is not up to the minimum standard we need to assure quality news broadcasts at WBBM-TV.

As I have told you repeatedly in person and yesterday in writing, we are looking for writing that is simple, direct, accurate and conversational.

Your script slugged 'Democratic Dinner' read as follows:

'It was quite a gathering of the clan last night in Chicago. The Democratic clan * * * of Cook County. It was the annual dinner of the Cook County Democratic leaders * * * at 100 dollars a plate. Five thousand people turned out * * * at the Conrad Hilton hotel. Bob Faw reports.'

In a relatively brief space, this script is needlessly repititious [sic]. In 47 words, you used the terms 'clan' and 'Democratic' twice. There are two unclear pronoun references: the 'it' in the first sentence and the 'it' in the third sentence.

But what bothers me even more than the poor writing is the lack of accuracy. A total of 6500 epople [sic] attended the dinner, not 'five thousand' as your script leads one to believe. My source is the banquet services manager of the Conrad Hilton Hotel.

One more thing. I have asked you to date your scripts. This is important for record keeping. Your script 'Democratic Dinner' was not dated. Please see that every script you write contains the day's date, your initials and the initials of the film editor who worked with you on the story.

I hope you will take immediate steps to correct the defficiencies [sic] I have noted in this memo.

J. H."

In their motion to dismiss, defendants averred that the writing in question was not defamatory so that no cause of action was stated; and was not libelous *per se* so that, absent allegation of special damage, no cause of action was pleaded. The motion set forth that the memorandum was written simply as a critique to plaintiff who was a subordinate of Hatfield; the criticism of plaintiff's work was true, proper and correct; the memorandum was conditionally privileged and this privilege was not overcome by the conclusory allegations of malice in the complaint.

In this court, plaintiff urges that the complaint states a cause of action as the memorandum is libelous *per se;* conditional privilege must be raised by defense and that it is not apparent that no cause of action can be stated by plaintiff so that dismissal of the cause was erroneous. Defendants contend that the entire memorandum is capable of innocent construction, hence is not libelous *per se* and is not actionable; the memorandum contains but one single instance of criticism and therefore

is not actionable; the criticism in the memorandum is true and correct and is conditionally privileged without malice; and, finally, it was not error for the trial court to refuse to grant plaintiff's "oral motion" for leave to amend his complaint.

Under the view we take of this case, it is not necessary for us to consider each and all of the grounds urged by both sides. The following principles are dispositive of the appeal.

■■ We are required to read the memorandum as a whole and then to give the language used its natural and obvious meaning. In this regard, it is an accepted rule of law that where the allegedly libelous words are capable of an innocent construction, they must be read in that manner and declared nonactionable as a matter of law. (*John v. Tribune Co.*, 24 Ill.2d 437, 442, 181 N.E.2d 105.) Other recent Illinois cases applying this rule of innocent construction in rather similar situations are *Conrad v. Logan*, 4 Ill.App.3d 981, 283 N.E.2d 54 and *Van Tuil v. Carroll*, 3 Ill.App.3d 869, 279 N.E.2d 361.

■■ Applying this principle to the memorandum, we are constrained to hold that it is not actionable. No language in the document is directed against plaintiff himself. The criticism is directed only to one small paragraph written by plaintiff. In this regard, the case at bar is quite similar to a most recent opinion by this court. (*Delis v. Sepsis*, 9 Ill.App. 3d 217, 292 N.E.2d 138.) There, this court held that a circulated letter using the words "liar", "dishonorable" and "deluded" were not libelous *per se*. The letter showed on its face that these words did not apply to plaintiff in general terms but were based upon the remaining facts in the letter. This court pointed out that lack of injury or harm to plaintiff was evident because he still held the position with reference to which the words had application. (9 Ill.App.3d at 221.) The same situation holds true here. The memorandum was dated May 25, 1972 and plaintiff's complaint, filed some 19 days later, alleged that plaintiff was still employed as a news writer for defendant Columbia Broadcasting. It follows that, under the innocent construction rule, the memorandum in question is not actionable.

■■ It appears affirmatively from the memorandum and from the complaint that the former is conditionally privileged. An inter-office memorandum of this type directed to plaintiff containing a critique by his superior of the performance of his duties is generally the subject of conditional privilege. The courts of Illinois have set out five prerequisites for conditional privilege. They are: (1) good faith by the writer; (2) an interest or duty to be upheld; (3) a statement limited in its scope to that purpose; (4) a proper occasion and (5) publication in a proper manner and to proper parties only. (*Zeinfeld v. Hayes*

*Freight Lines, Inc.,* 41 Ill.2d 345, 349, 243 N.E.2d 217 quoting from *Judge v. Rockford Memorial Hospital,* 17 Ill.App.2d 365, 384, 150 N.E. 2d 202.) It is apparent that the memorandum here involved complies with each and all of these requirements and is therefore conditionally privileged. For an analysis of a very closely similar situation, see *Kamberos v. Schuster,* 132 Ill.App.2d 392, 270 N.E.2d 182.

■■■ Nor is it correct, as plaintiff urges, that the existence of conditional privilege is a matter of affirmative defense to be raised only by answer. On the contrary, our courts have consistently held that the issue as to whether an allegedly libelous document "* * * was a qualifiedly or conditionally privileged communication, or not, was a question of law for the court only, not a question of fact for the jury." (*Judge v. Rockford Memorial Hospital,* 17 Ill.App.2d 365, 384, 150 N.E.2d 202.) Thus, as above shown the point of conditional privilege was properly raised by the motion to dismiss. Since the document is conditionally privileged, it would be actionable only if motivated by actual malice. In such a situation, the burden of proving malice would rest upon the plaintiff. See *Kamberos v. Schuster,* 132 Ill.App.2d at 397, 270 N.E.2d 182 and cases therein cited.

■■ In the case at bar, no actual malice is present. It appears directly and affirmatively from the memorandum itself that it was not written with actual malice. The purpose of the memorandum is declared in the first few lines thereof as being an attempt on the part of the writer to obtain quality news broadcasts. The criticism is directed only at a very short paragraph of plaintiff's work and has no application or relation to plaintiff personally. The final lines of the memorandum express the hope that these deficiencies will be corrected. Complete absence of malice appears from this type of document.

It is therefore apparent that the trial court properly sustained the motion of defendants to dismiss. As regards plaintiff's claimed right to amend, no proposed amended complaint was ever presented to the court. Thus no claim of error can be supported by plaintiff. *Austin Liquor Mart, Inc. v. Dept. of Rev.,* 51 Ill.2d 1, 8, 280 N.E.2d 437. See also *Zamouski v. Gerrard,* 1 Ill.App.3d 890, 898, 275 N.E.2d 429.

Judgment affirmed.

BURKE, P. J., and EGAN, J., concur.