PEKIN MEMORIAL HOSPITAL, Plaintiff-Appellee, v. THE TOWNSHIP OF PEKIN et al., Defendant-Appellant.

Third District   No. 79-320

Opinion filed December 7, 1979.

Oltman & Morris, of Pekin, for appellant.

Bernardi, Ault & Bode, of Pekin, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal brought by the defendant, Township of Pekin, challenges the propriety of an order by the circuit court of Tazewell County granting a motion for summary judgment filed by the plaintiff, Pekin Memorial Hospital. The record before us reveals that the dispute between these parties centers about the extent of the defendant's financial aid obligation under the local-aid-to-the-medically-indigent act (Ill. Rev. Stat. 1977, ch. 23, par. 7—1 et seq.).

According to the facts set forth in the record on appeal, the plaintiff hospital offered in-patient medical care to three persons who were medically indigent persons as defined in the local-aid-to-the-medically-indigent act. The plaintiff applied to the defendant for payment in full of the hospital's usual and customary charges as those charges were reflected in bills to the three indigent patients. The defendant refused to make payment in full, citing as the grounds for its refusal certain sections of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23), as well as sections of the rules and regulations published by the Department of Public Aid.

Specifically, the defendant relied on the broad statutory rule-making authority contained in section 12—21.17 of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 12—21.17). Defendant suggested that this statutory section empowers the Department of Public Aid to issue rules governing all facets of the aid to the medically indigent program, hereinafter A.M.I.,

including that facet of the program dealing with the manner and amount of payments. Finally, defendant argued that pursuant to this statutory authority the Department of Public Aid has promulgated a rule which mandates that payments by townships under the A.M.I. program for in-patient hospital care are to be at an all-inclusive per diem rate established by the Department rather than at the hospital's usual and customary rate.

The plaintiff hospital did not accept the result of defendant's reasoning, and responded by initiating proceedings in the circuit court to recover payment for the full applied-for amount. As indicated at the outset, the circuit court agreed with the plaintiff and granted summary judgment as prayed for in the complaint.

Defendant argues here, as it has steadfastly argued since this dispute first arose, that the rules of the Department of Public Aid limit the township's liability under the A.M.I. program. We agree.

A recent opinion of this court, *Methodist Medical Center v. Ingram* (1979), 78 Ill. App. 3d 944, presents facts and issues strikingly similar to the case at bar. There we reviewed at length the vast compilation of administrative rules and regulations issued by the Department of Public Aid, particularly those rules which relate to the A.M.I. program. We noted that financial aid under the program was available only for 10 types of medical services expressly enumerated in the administrative regulations. (Illinois General Assistance Manual §PO-1115.) Further, we noted that for each such service, the regulations specifically set forth the extent of the local government's aid obligation. Finally, we concluded that according to the regulations of the Department of Public Aid, townships and other local governmental units are required to make payments for in-patient hospital care in participating hospitals only at the all-inclusive per diem rate established by the Department.

Were the questions presented on this appeal limited to the proper construction to be given the administrative regulations, no further discussion would be necessary. However, the brief of counsel for the plaintiff suggests that such a construction would be contrary to the "clear and unambiguous" language of the statute. That brief focuses our attention on statutory sections which tie the township's A.M.I. obligation to the "costs of necessary medical * * * care." (Ill. Rev. Stat. 1977, ch. 23, par. 7—1.) The plaintiff hospital urges that correctly construed, the statute requires the medical care provider to be reimbursed for its costs, and such costs must be the provider's usual and customary charges. In reliance on this construction, the plaintiff argues that the regulations promulgated by the Department of Public Aid are contrary to statute.

We find two flaws in the interpretation of the statute urged upon us by the plaintiff. First, we do not believe the use of the term "costs" as used

in section 7.1 and elsewhere throughout the Act is intended to prescribe the amounts to be paid under the A.M.I. program. Instead, we believe a contextual reading of section 7.1 and the remainder of the Act indicates that the term "costs" merely indicates for what purpose funds expended under the A.M.I. program are to be applied. Secondly, we believe it is erroneous to contend that the costs of care is synonymous with the provider's usual and customary charge. We recall the observation of this court that the charge for medical care might escalate "when a taxing body's deep pocket stands behind the patient." (*Methodist Medical Center v. Ingram* (1979), 78 Ill. App. 3d 944, 947.) We do not agree that the regulations in question are contrary to the language or purpose of the underlying statute.

We find no support for plaintiff's position in the published opinion of the Illinois Attorney General (1973 Ill. Op. Att'y Gen. No. S-591). The issue addressed in No. S-591 was A.M.I. payments for nursing home care. Administrative regulations providing for the amount of payment to be made under the A.M.I. program differ with respect to in-patient hospital care (Illinois General Assistance Manual §PO-1115.1(3)), and with respect to nursing home care (Illinois General Assistance Manual §PO-1115.8). Simply put, the administrative regulations for the two types of care provide for differing results.

Finally, we find no inconsistency with today's decision vis a vis previous decisions of this court. In *Pekin Memorial Hospital v. Schilling* (1970), 121 Ill. App. 2d 473, 257 N.E.2d 124, the issue was not the appropriate amount of payment, but whether the township government was subject to the regulations of the Illinois Department of Public Aid. The result in no way precludes today's holding. The case of *Sisters of the Third Order of St. Francis v. Groveland Township* (1972), 7 Ill. App. 3d 278, 287 N.E.2d 302, is even more clearly no bar to the instant decision. There we expressly held that questions as to the amount of the township's liability were never raised before the trial court and could not be raised on review.

For the reasons above reported and in reliance on the authorities referenced herein, we hold that the circuit court's order of summary judgment for the plaintiff was incorrectly granted. That order is reversed and the cause remanded to the circuit court of Tazewell County for a continuation of the proceedings in a manner not inconsistent with this opinion.

Reversed and remanded.

STOUDER, P. J., and STENGEL, J., concur.