METHODIST MEDICAL CENTER, Plaintiff-Appellee, *v.* ROBERT L. INGRAM, Supervisor of General Assistance, Groveland Township, Tazewell County, Defendant-Appellant.

Third District   No. 79-349

Opinion filed December 7, 1979.

Oltman & Morris, of Pekin, for appellant.

Charles W. Kohr, of Mathis, Sloan, Littler & Kohr, of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This appeal arises from a decision of the circuit court of Tazewell County. At issue is the operation of the local-aid-to-the-medically-indigent act (Ill. Rev. Stat. 1977, ch. 23, par. 7—1 *et seq.*), an act which requires townships and other local governmental units to give financial

aid to meet the cost of necessary and proper medical care rendered to certain eligible persons. The issue arose in the following factual setting.

On December 26, 1977, Robert L. Hunt III, while in the jurisdiction of Groveland Township, Tazewell County, Illinois, became in need of medical services and assistance. From December 26, 1977, until January 12, 1978, the plaintiff, Methodist Medical Center, an Illinois not-for-profit corporation, rendered to Hunt the needed medical services and assistance, including surgery, room care, drugs, and medicine. Because Hunt was unable to pay the plaintiff for the medical services rendered, application was made to the defendant, Robert L. Ingram, the supervisor of Groveland Township, for payment under the local-aid-to-the-medically-indigent act. Defendant Ingram determined that Hunt was medically indigent and thus qualified for financial assistance under the act, but payment offered to the plaintiff was in the amount of $591, not the applied-for amount of $3,545.80.

Suit was filed by the plaintiff to recover the applied-for amount, $3,545.80, which was admitted by both parties to represent the hospital's charges for rendering medical assistance and hospital care to Hunt during the period previously set forth. The circuit court granted plaintiff's motion for summary judgment, allowing recovery in full of the prayed-for sum. The defendant prosecuted this appeal.

The defendant points to language in the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23), which provides that administration by the townships of the aid-to-the-medically-indigent program, hereinafter A.M.I., "shall be subject in all instances to the supervision and rules and regulations of the Illinois Department [of Public Aid]." (Ill. Rev. Stat. 1977, ch. 23, par. 12—21.17.) Further, the defendant directs this court's attention to language in the rules and regulations of the department which provides that "[p]ayment for in-patient hospital care in participating hospitals is made at the all-inclusive per diem rate established by the Department." (Illinois General Assistance Manual §PO-1115.1(e).) Defendant concludes that as a result of the cited statute and the departmental rule adopted pursuant thereto, a township's liability for A.M.I. is not the usual and customary hospital charges, but rather, the computed per diem rate. Such limited liability for the townships and their taxpayers is clearly the object of the rules and regulations of the Department of Public Aid.

The regulations issued by the Department of Public Aid enumerate 10 types of medical services for which local governmental units must offer financial aid to the indigent. The 10 are:

"1. In-Patient Hospital Care
2. Out-Patient Hospital Care
3. Organized Clinic Care

4. Laboratory Services
5. Physician's Services
6. Drugs
7. Family Planning Supplies and Services
8. Nursing Home Services
9. Emergency Dental Care for the Relief of Pain and Infection Including Necessary Fillings and Extractions Necessary to Relieve Pain and/or Infection
10. Transportation to and from the Source of Medical Care Payable by Vendor Payment * * *."
(Illinois General Assistance Manual §PO-1115.)

The regulations further provide that medical services not enumerated are not the responsibility of local governments under the A.M.I. program. (Illinois General Assistance Manual §PO-1110.1(i).) With respect to each of the ten medical services under the A.M.I. umbrella, the regulations mandate with specificity the extent of the local government's aid obligation. Out-patient services in participating hospitals are to be paid at the "approved per-visit rate." (Illinois General Assistance Manual §PO-1115.2(c).) Clinic services are to be paid at the "approved all-inclusive per diem rate." (Illinois General Assistance Manual §PO-1115.3(b).) Laboratory services, physician's services, and drugs are to be paid at the "usual and customary" rate. (Illinois General Assistance Manual §§PO-1115.4(c), PO-1115.5(b), PO-1115.6(c).) The contrasting payment provisions set forth in this pervasive network of administrative rules convinces us that at least insofar as such administrative rules are adopted in compliance with the local-aid-to-the-medically-indigent act and other laws of the State, the contention of the defendant on this appeal is correct. That is, according to the regulations of the Department of Public Aid, local governmental units are required to make payments for in-patient hospital care in participating hospitals only at the all-inclusive per diem rate established by the Department.

While at first reading the Department's rules may appear to place an arbitrary and unfair burden on the hospital providing in-patient medical services, further study of the extensive web of rules and regulations issued by the Department reveals mitigating factors. Hospitals which opt to collect for medical services from the A.M.I. funds of local governments, rather than from the patient, must elect to be "participating hospitals." (Illinois General Assistance Manual §DPR-1115.1(a)(2).) A participating hospital must submit operating cost reports to the State, such reports becoming the basis for that particular hospital's all-inclusive per diem rate. (Illinois General Assistance Manual §DPR-1115.1(e)(2).) The rationale for such a scheme is apparent. The township or other local

governmental unit, and ultimately the taxpayer, is charged no more for medical services to the indigent patient than that patient's average share of the hospital's actual operating costs. The public monies are protected from price gouging which might occur when a taxing body's deep pocket stands behind the patient, and the hospital is permitted to recoup its actual costs.

■■■ The Department of Public Aid has statutory authority to issue rules and regulations with regard to all facets of the administration of the A.M.I. program. (Ill. Rev. Stat. 1977, ch.23, par. 12—21.17.) Certainly this authority extends to rules and regulations governing the manner and amount of payments. It is no relief from this administrative rule that the statute provides for this funding mechanism to "aid in meeting the cost of necessary medical, dental, hospital, boarding [and] nursing care." (Ill. Rev. Stat. 1977, ch. 23, par. 7—1.) The plaintiff hospital contends that "cost" of care necessitates payment at the full charge as reflected by the hospital's bill. Assuming, arguendo, that plaintiff's strained emphasis on the single word "cost" should substantially proscribe administrative rule making authority, we would note that "cost" can also be calculated on a per diem basis which reflects the indigent patient's share of the hospital's actual operating expenses. That being the case, we believe that the Department's rule regarding payment for in-patient hospital care is consistent with section 7—1 of the local-aid-to-the-medically-indigent act.

For the reasons above reported, and after careful scrutiny of the briefs of counsel, we hold that the circuit court's order of summary judgment for the plaintiff was incorrectly granted. That order is reversed and the cause is remanded to the circuit court of Tazewell County for determination of the per diem rate which is to be paid by the defendant.

Reversed and remanded.

STOUDER, P. J., and STENGEL, J., concur.