FIRST COMMUNITY BANK OF WEST FRANKFORT, Plaintiff, v. OHIO CASUALTY INSURANCE COMPANY, Defendant and Third–Party Plaintiff-Appellee (Debra Brown, Third–Party Defendant-Appellant).

Fifth District No. 5—86—0228

Opinion filed April 13, 1987.

Hanagan & Ford, of Benton, for appellant.

Bleyer & Bleyer, of Marion, for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:
Third-party defendant, Debra Brown (Brown), appeals from the entry of summary judgment against her by the circuit court of Franklin County in favor of third-party plaintiff, Ohio Casualty Insurance Company (Ohio).

Plaintiff, First Community Bank of West Frankfort, purchased an insurance policy from Ohio to insure against loss or damage by employee dishonesty. Because of the loss and damage suffered through the

dishonesty of one of its employees, Brown, plaintiff filed a claim on its policy with Ohio. Ohio and plaintiff eventually settled on the claim for $5,750. Ohio, as the subrogee of the rights and claims of plaintiff, sought indemnification against Brown in the amount it was liable to plaintiff. After Brown admitted her dishonesty in a discovery deposition, Ohio filed a motion for summary judgment against Brown. Brown filed an affidavit in opposition to the motion for summary judgment indicating she has been discharged in bankruptcy and Ohio had knowledge of her bankruptcy proceedings prior to her discharge. The trial court granted summary judgment in favor of Ohio.

Brown argues the trial court erred in granting summary judgment against her in favor of Ohio. She argues that because Ohio had actual knowledge of her bankruptcy proceedings, under 11 U.S.C.A. sec. 523(a)(3) (West 1979), her debt was discharged whether or not it was correctly scheduled. Ohio counters Brown's debt is not dischargeable under 11 U.S.C.A. sec. 523(a)(2) (West Supp. 1987).

■■■ Section 523(a)(2) of the Bankruptcy Code, 11 U.S.C.A. sec. 523(a)(2) (West Supp. 1987), states in part:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

* * *

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive * * *."

Brown admitted in her discovery deposition that she forged her husband's signature on a promissory note and mortgage in order to secure a loan through plaintiff. Ohio is correct in its contention that Brown's debt falls within the purview of section 523(a)(2). Ohio has overlooked, however, the effect of sections 523(c) and 524 as well as the order of discharge itself. Debts falling within the class of those specified in section 523(a)(2) are automatically discharged, regardless of the fact the

debt is exempted under section 523(a)(2), if the creditor does not timely file a request to determine the dischargeability of the debt with the bankruptcy court. (11 U.S.C.A. sec. 523(c) (West Supp. 1987). See also *Stevenson v. Baker* (1974), 18 Ill. App. 3d 542, 545, 310 N.E.2d 58, 61; *Gomez v. Adams* (Ind. App. 1984), 462 N.E.2d 212, 219-20; 1A Collier on Bankruptcy secs. 14.69 through 14.70(1), 17.28A (14th ed. 1978).) A creditor who has not done so is barred from suing on the debt in another court. (11 U.S.C.A. sec. 524 (West 1979 & Supp. 1987). See also *Gomez v. Adams* (Ind. App. 1984), 462 N.E.2d 212, 220; 1A Collier on Bankruptcy sec. 17.16(6) (14th ed. 1978).) Ohio never filed such a request with the bankruptcy court; consequently Ohio cannot proceed on the debt against Brown on the basis of its being nondischargeable under section 523(a)(2). Ohio's only recourse is through section 523(a)(3) of the Code. (See 11 U.S.C.A. sec. 523(a)(3) (West 1979).) Unlike debts within the purview of section 523(a)(2), debts falling under section 523(a)(3) are not automatically discharged if no request is filed. (See 1A Collier on Bankruptcy sec. 14.70(1) (14th ed. 1978). See also *Gomez v. Adams* (Ind. App. 1984), 462 N.E.2d 212, 220.) In these instances, State courts enjoy concurrent jurisdiction with the bankruptcy court to determine dischargeability. See *In re Marriage of Donnellan* (1980), 90 Ill. App. 3d 1032, 1036-37, 414 N.E.2d 167, 171; 1A Collier on Bankruptcy sec. 14.70(1) (14th ed. 1978).

 █ Section 523(a)(3) of the Bankruptcy Code, 11 U.S.C.A. sec. 523(a)(3) (West 1979) reads:

"(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request ***."

Ohio was not listed as a creditor in Brown's petition for bankruptcy although plaintiff was. The issue then becomes whether Ohio had actual knowledge of the proceedings in order to timely file a request for a

determination of dischargeability. Brown's affidavit attached to her opposition to Ohio's motion for summary judgment specifically addresses this matter by stating that one of Ohio's authorized claims representatives contacted her attorney to discuss its claim against her two weeks prior to her discharge in bankruptcy. Brown's affidavit raises a material question of fact which should not be resolved by summary judgment. Summary judgment is a drastic method of disposing of a case and should only be allowed when the right of the party to invoke it is clear and free from doubt. (*E.g., In re Estate of Kietrys* (1982), 104 Ill. App. 3d 269, 273, 432 N.E.2d 930, 933; *Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 1050, 340 N.E.2d 539, 542-43.) Brown has put forth a defense raising a genuine issue of a material fact as to Ohio's right to recover from her. Because a controversy does exist, the granting of summary judgment was improper. See, *e.g., Diversey Liquidating Corp. v. Neunkirchen* (1939), 370 Ill. 523, 527, 19 N.E.2d 363, 364.

For the aforementioned reasons, we reverse the judgment of the circuit court of Franklin County granting summary judgment on Ohio's claim against Brown and remand for further proceedings on the issue of knowledge consistent with this opinion.

Reversed and remanded.

KASSERMAN and JONES, JJ., concur.